IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

XAVIER COLLINS JOHNSON, # 169642            PETITIONER

VS.            CIVIL ACTION NO. 3:18-cv-392-CWR-FKB

WARDEN TIMOTHY MORRIS            RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss [15]. Respondent Morris argues that the petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed because it is a "mixed" petition, presenting both exhausted and unexhausted claims. Alternatively, the Respondent asserts that Johnson can avoid dismissal of the petition in its entirety if this Court permits him to dismiss his unexhausted claims voluntarily and proceed only on the exhausted claims. Johnson has filed a response in opposition to the Motion to Dismiss, which the Clerk of Court has docketed as a Motion to Amend [17], with a supporting Memorandum [18].

For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted to the extent that Johnson should be allowed to file an amended petition deleting his unexhausted claims.

FACTS AND PROCEDURAL HISTORY

In this action, Johnson challenges his convictions in the Circuit Court of Madison County, Mississippi, for burglary of a dwelling, aggravated assault, and conspiracy to commit credit card fraud. *Johnson v. State*, 235 So. 3d 1404, 1407 (Miss. 2017). Johnson was sentenced

as a habitual offender pursuant to Mississippi Code Annotated § 99-19-81 (Rev. 2015) and to enhanced sentences for the burglary and assault counts because the victim was over the age of sixty-five. *Id.* The trial court sentenced him to fifty (50) years for the burglary, forty (40) years for the aggravated assault, and five (5) years for the conspiracy to commit credit card fraud, with each sentence to run consecutively. *Id.* at 1409.

Johnson appealed his convictions and sentences to the Mississippi Supreme Court. His counsel raised two issues, and Johnson raised five issues through a *pro se* supplemental brief. *Id.* The Mississippi Supreme Court restated the issues, as follows:

1. Whether the evidence was sufficient to support the breaking element of Johnson's burglary conviction;

2. Whether the trial judge abused his discretion by failing to grant Johnson's requested two-theory jury instruction;

3. Whether Johnson's counsel was ineffective for his failure to (a) file certain pretrial motions; (b) make any meaningful objections throughout trial; (c) object to the State's jury instructions; and (d) cross-examine certain witnesses effectively on certain points;

4. Whether the indictment is void due to failure to charge Johnson with an essential element of the statute and/or crime, and whether the statutes are vague, ambiguous, or unconstitutional as applied;

5. Whether Johnson was denied his due-process right to an initial appearance according to Rule 6.03 of the Uniform Rules of Circuit and County Court Practice;

6. Whether Johnson was denied his due-process right to an arraignment according to

>   Rule. 8.01 of the Uniform Rules of Circuit and County Court Practice; and
>
>   7. Whether Johnson's speedy-trial rights were violated.

*Id.* at 1409. The Mississippi Supreme Court affirmed Johnson's convictions and sentences on December 7, 2017. *Id.* at 1404, 1418. When considering Johnson's ineffective assistance of counsel claim, the Mississippi Supreme Court specifically dismissed it without prejudice so that he could raise the claim "in a later, post-conviction proceeding." *Id.* at 1413. As of the filing of the Motion to Dismiss, Johnson had not filed any application or motions for post-conviction collateral review in state court pursuant to Mississippi Code Annotated § 99-39-1.

Johnson signed his current petition for habeas relief on June 13, 2018, and it was filed thereafter in this Court on June 15, 2018. [1]. In his petition, Johnson raises the same grounds he raised before the Mississippi Supreme Court, as follows:

1. Ground One:   Whether the evidence was sufficient to support the breaking element of defendant's burglary conviction, in violation of the due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. [2] at 1-3.

2. Ground Two:   Whether the trial judge abused his discretion by failing to grant his requested two-theory jury instruction, in violation of the due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. *Id.* at 3-4.

3. Ground Three:   Whether his counsel was ineffective for four reasons:

    (a) Failure to file certain pre-trial motions;

    (b) No meaningful objections throughout trial;

    (c) Failure to object to State's jury instructions; and

    (d) Failure to cross-examine witnesses effectively on certain points. *Id.* at 5-9.

4. Ground Four:   Whether petitioner's speedy-trial rights were violated, pursuant to his due process rights as found in the Fifth and Fourteenth Amendments of the United States Constitution. *Id.* at 10-11.

5. Ground Five:   Whether the indictment is void due to failure to charge defendant with an essential element of the statute and/or crime, and whether the statutes are vague, ambiguous, or unconstitutional as applied. *Id.* at 12.

6. Ground Six:   Whether Petitioner was denied his due process right to an initial appearance according to Rule 6.03 of the Uniform Rules of Circuit and County Court Practice. *Id.*

7. Ground Seven:   Whether Petitioner was denied his due process right to an arraignment according to Rule 8.01 of the Uniform Rules of Circuit and County Court Practice. *Id.*

In his petition, Johnson stated that the did not seek further review by a higher state court, that he did not file any other petitions, applications, or motions concerning this judgment of conviction in any state court, and that any further requests regarding appeals were not applicable to him. [1] at 2, 4. He also admitted that he did not raise the issue presented in Ground One through a motion for post-conviction relief in state court, but he declined to provide that information as to all other grounds. *Id.* at 7-11. However, he asserted that all grounds for relief had been presented to the state's highest court having jurisdiction. *Id.* at 13.

In his response to the Motion to Dismiss, docketed as a Motion to Amend [17], Johnson asserts that his arguments alleging an illegal sentence and denial of due process are not subject to the procedural bar found in Mississippi Code Annotated § 99-39-21(1). [17] at 2. He asserts, furthermore, that these arguments are so fundamental that they are not subject to any time bar.

*Id.* at 3.

## DISCUSSION

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *see also Edwards v. Carpenter*, 120 S.Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S.Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387. A habeas petitioner has failed to meet the exhaustion requirement "if [she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Johnson has not met the exhaustion requirement for his ineffective assistance of counsel claim as found in Ground Three of his petition. Furthermore, the Mississippi Supreme Court specifically dismissed this claim for ineffective assistance of counsel without prejudice so that he could "bring it in a later, post-conviction relief proceeding" under state law. *Johnson*, 235 So. 3d at 1413. He has failed to do so. Thus, in its present form, Johnson's petition is a "mixed petition," *i.e.*, containing both exhausted and unexhausted claims, and it must be dismissed. *See Rose v. Lundy*, 455 U.S. 509 (1982).

Johnson has offered no explanation in his petition [1] or in his response at [17] and [18] for his failure to pursue post-conviction collateral relief in state court. Thus, he has failed to show good cause for this Court to stay his petition and hold it in abeyance while he exhausts state remedies on his claim for ineffective assistance of counsel in Ground Three. *See Rhines v.*

*Weber*, 544 U.S. 269, 277 (2005)(explaining that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts."); *see also Reyer v. King*, 2008 WL 625096 (S. D. Miss. Mar. 5, 2008) (considering *Rhines* and dismissing claims for petitioner's failure to show "good cause").

Alternatively, Johnson may avoid dismissal of his present petition by amending it to omit his unexhausted claim, *i.e.*, his ineffective assistance of counsel arguments in Ground Three. *See Rose*, 455 U.S. at 521; *see also Sam v. Louisiana*, 409 F. App'x 758, 765 (5th Cir. 2011)(citing *Rose*; finding that district court could not address merits of petition because it contained unexhausted ineffective assistance of counsel claim).

Accordingly, the undersigned recommends that Johnson be allowed to file an amended petition that omits his arguments supporting an ineffective assistance of counsel claim found in Ground Three. The amended petition should include only Grounds One, Two, Four, Five, Six and Seven, as numbered in his original petition. Should the District Court enter an Order adopting this Report and Recommendation, any amended petition should be filed within fourteen (14) days of entry of the District Court's Order. Should Johnson fail to amend within the designated time period, the undersigned recommends that the entire petition be dismissed without prejudice. *See Rose*, 455 U.S. at 522.

## CONCLUSION

Accordingly, based on the foregoing analysis, the undersigned recommends that Respondent's Motion to Dismiss [15] be granted to the extent that Johnson be allowed to file an amended petition that deletes his unexhausted ineffective assistance of counsel claim found in

Ground Three. Should the District Judge enter an Order adopting this Report and Recommendation, the undersigned recommends that Petitioner be given fourteen (14) days from entry of said Order to file his amended petition omitting his ineffective assistance of counsel claim presented in Ground Three. The undersigned further recommends that Respondent be given fourteen (14) days from the filing of Petitioner's amended petition to file an answer. Alternatively, should Johnson fail to file an amended petition omitting his ineffective assistance of counsel claim in Ground Three, the Motion to Dismiss should be granted, and this matter should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 1st day of August, 2019.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE