IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

XAVIER COLLINS JOHNSON,
#169642                                                              PETITIONER

VS.                                              CIVIL ACTION NO.  3:18-cv-392-KHJ-FKB

WARDEN TIMOTHY MORRIS                                               DEFENDANTS


## REPORT AND RECOMMENDATION

Before the Court is the amended petition [21] for habeas corpus relief filed by Xavier

Collins Johnson.  *See* 28 U.S.C. § 2254.  Johnson's original petition [1] was "mixed," presenting

both exhausted and unexhausted claims.  The State responded to the original petition [1] with a

Motion to Dismiss [15], and Petitioner made a filing [17] that the Clerk of Court docketed as a

Motion to Amend.  In a Report and Recommendation [19], the undersigned construed the Motion

to Amend [17] as a response to the Motion to Dismiss [15].  [19] at 1.  The Court adopted the

Report and Recommendation as the Order of the Court.  *See* [20].  The Order [20] granted the

Motion to Dismiss [15] to the extent that Petitioner was allowed to file an amended petition to

delete his unexhausted ineffective assistance of counsel claim.  Thereafter, Johnson filed his

amended petition [21], and the State responded with its Answer [22].  After considering the

filings, the undersigned recommends that the amended petition be dismissed with prejudice.

I.     FACTS AND PROCEDURAL HISTORY

A brief summary of the facts will aid in the consideration of the case.  The victims,

Bobby and Ann Hall, were an elderly couple, in their seventies, residing in the City of Canton,

Mississippi.  *Johnson v. State*, 235 So. 3d 1404, 1407 (Miss. 2017).  On the morning of July 30,

2014, Mr. Hall arose at 5:30 a.m. and passed through his kitchen on his way outside to get the

newspaper.  *Id.*  Mr. Hall does not remember subsequent events of the day.  *Id.*  When Mrs. Hall awoke at 6:15 a.m., she walked to the kitchen.  *Id.*  She looked outside and noticed that the newspaper was still in the driveway, but did not see her husband.  *Id.*  Thinking that Mr. Hall was outside in the garden, she went to her bedroom and dressed.  *Id.* at 1408.  Upon her return to the kitchen, she picked up her purse and noticed that it was lighter than usual.  *Id.*  Afraid that something was amiss, she began searching for Mr. Hall, whom she found outside, lying in the driveway.  *Id.*  Although Mr. Hall had a pulse, he had a bloodied face and was unresponsive.  *Id.*  Mrs. Hall also observed that her credit cards were scattered across the driveway.  *Id.*

After Mrs. Hall called 911, Mr. Hall was airlifted to the University of Mississippi Medical Center, where he was treated for his injuries.  *Id.*  He was diagnosed with a traumatic brain injury and remained in a coma for five weeks.  *Id.*  He returned home three months after the event, but can no longer drive and is unable to walk without a cane.  *Id.*

Within days of the incident, Mrs. Hall notified law enforcement of several fraudulent charges on her credit card.  *Id.*  A subsequent investigation resulted in the arrest of Ashley Williams for the fraudulent use of Mrs. Hall's credit card.  *Id.*  Williams told police that she had found the card, but later admitted that Johnson had given her the card after telling her that it belonged to his girlfriend.  *Id.*  According to Williams, Johnson requested that she give him half of any cash she could obtain from the card.  *Id.*

In August 2015, during a consensual search of the home of Johnson's grandmother, an investigator obtained numerous articles of clothing belonging to Johnson, including a pair of black Nike shoes.  *Id.*  Human blood on the shoes was later DNA-tested and confirmed to be Mr. Hall's blood.  *Id.*

At trial, Mr. Hall testified that, prior to the incident, Johnson had visited his house on several occasions and had helped him with various tasks. *Id.* On the day of the assault (July 30, 2014), Johnson was to return to the Halls' home to finish washing and waxing the Halls' RV, a project Johnson had started the previous day. *Id.* Williams testified that she saw Johnson at 6:00 a.m. on the morning of the incident. *Id.* at 1409. She observed that he was sweaty and nervous, and she saw him wipe blood off his right knuckles. *Id.* She also observed that Johnson had blood on his right sock and his right foot. *Id.* She testified that Johnson took off his socks and threw them away, but put his black Nike shoes back on. *Id.* She further testified that Johnson admitted to her that he had placed the Halls' cell phones under her home and stated to her that he would have shot Mrs. Hall in the head if she had woken up at the time of the incident. *Id.*

The timeline of Johnson's legal proceedings is as follows:

(1) On August 4, 2014, police arrested Johnson. *Id.* at 1408.

(2) On May 6, 2015, Johnson was indicted for (1) burglary of a dwelling, Miss. Code Ann. § 97-17-23 (Rev. 2014); (2) aggravated assault, Miss. Code Ann. §§ 97-3-7(2)(a)(i)(Supp. 2016) and 97-3-7(14)(c)(Supp. 2016); and (3) conspiracy to commit credit card fraud, Miss. Code Ann. §§ 97-19-21 (Rev. 2016) and 97-1-1 (Rev. 2014). *Id.* The grand jury also indicted Johnson as a habitual offender, which subjected him to enhanced punishments on the burglary and aggravated assault counts. *Id.*

(3) On May 21, 2015, the Circuit Court of Madison County, Mississippi, entered an order setting Johnson's trial for September 21, 2015. [16-1] at 22-23.

(4) On September 24, 2015, the trial court entered an agreed order continuing the trial until November 30, 2015. *Id.* at 8; 47-48.

(5) Trial began on November 30, 2015, and the jury returned its verdicts on December 1, 2015. *Id.* at 9. The jury found Johnson guilty on all three counts. *Id.* at 96-102.

In this action, Johnson challenges his convictions in the Circuit Court of Madison County for burglary of a dwelling, aggravated assault, and conspiracy to commit credit card fraud. The trial court sentenced Johnson as a habitual offender pursuant to Mississippi Code Annotated §

3

99-19-81 (Rev. 2015) to enhanced sentences for the burglary and assault counts because the victim was over the age of sixty-five. *Johnson*, 235 So. 3d at 1407; *see also* Miss. Code Ann. § 99-19-351(elderly victim enhancement). Johnson was sentenced to fifty years for the burglary, forty years for the aggravated assault, and five years for the conspiracy to commit credit card fraud, with each sentence to run consecutively. [16-1] at 101.

As recounted in the Report and Recommendation [19],

Johnson appealed his convictions and sentences to the Mississippi Supreme Court. His counsel raised two issues, and Johnson raised five issues through a *pro se* supplemental brief. The Mississippi Supreme Court restated the issues, as follows:

1. Whether the evidence was sufficient to support the breaking element of Johnson's burglary conviction;

2. Whether the trial judge abused his discretion by failing to grant Johnson's requested two-theory jury instruction;

3. Whether Johnson's counsel was ineffective for his failure to (a) file certain pretrial motions; (b) make any meaningful objections throughout trial; (c) object to the State's jury instructions; and (d) cross-examine certain witnesses effectively on certain points;

4. Whether the indictment is void due to failure to charge Johnson with an essential element of the statute and/or crime, and whether the statutes are vague, ambiguous, or unconstitutional as applied;

5. Whether Johnson was denied his due process right to an initial appearance according to Rule 6.03 of the Uniform Rules of Circuit and County Court Practice;

6. Whether Johnson was denied his due process right to an arraignment according to Rule 8.01 of the Uniform Rules of Circuit and County Court Practice; and

7. Whether Johnson's speedy-trial rights were violated.

4

The Mississippi Supreme Court affirmed Johnson's convictions and sentences on December 7, 2017. When considering Johnson's ineffective assistance of counsel claim, the Mississippi Supreme Court specifically dismissed it without prejudice so that he could raise the claim "in a later, post-conviction proceeding." As of the filing of the Motion to Dismiss, Johnson had not filed any application or motions for post-conviction collateral review in state court pursuant to Mississippi Code Annotated § 99-39-1.

[19] at 2-3 (citations omitted).

The district judge adopted the Report and Recommendation [19] as the Court's Order. *See* [20]. Thereafter, Johnson filed his current amended petition for habeas relief [21], omitting the unexhausted ineffective assistance of counsel claim originally set forth in Ground Three. [21] at 2; *see also* [1]; [2]. Accordingly, Johnson raises the following grounds for relief in this action:

1. Ground One: Whether the evidence was sufficient to support the breaking element of defendant's burglary conviction, in violation of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. [2] at 1-3.

2. Ground Two: Whether the trial judge abused his discretion by failing to grant his requested two-theory jury instruction, in violation of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. *Id.* at 3-4.

3. Ground Three: omitted. *See* [21].

4. Ground Four: Whether petitioner's speedy-trial rights were violated, pursuant to his due process rights as found in the Fifth and Fourteenth Amendments of the United States Constitution. [2] at 10-11.

5. Ground Five: Whether the indictment is void due to failure to charge defendant with an essential element of the statute and/or crime, and whether the statutes are vague, ambiguous, or unconstitutional as applied. *Id.* at 12.

6. Ground Six: Whether Petitioner was denied his due process right to an initial appearance according to Rule 6.03 of the Uniform Rules of Circuit and County Court Practice. *Id.*

7. Ground Seven: Whether Petitioner was denied his due process right to an arraignment according to Rule 8.01 of the Uniform Rules of Circuit and County Court Practice. *Id.*

The Respondent filed an Answer [22], and this matter is ripe for review.

II.    <u>DISCUSSION</u>

At the outset, the Court notes that its review of Johnson's conviction is circumscribed. Federal courts do not sit as "super" state supreme courts in habeas corpus proceedings to review errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Instead, "[a] state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. § 2254(a)).

Petitions for a writ of habeas corpus are governed by 28 U.S.C. § 2254. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the relevant portions of § 2254 provide, as follows:

    (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

        (A) the applicant has exhausted the remedies available in the courts of the State; or

        (B)    (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant,

    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be not be granted with respect to

any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(b)-(d)(1996).

Claims that are adjudicated on the merits by the state court, either in direct appeal or in a post-conviction proceeding, are subject to the highly deferential standard of review of the AEDPA. The Supreme Court has repeatedly emphasized that "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect, but also "objectively unreasonable." *Id.* at 409.

A. <u>Ground One:  Whether the evidence was sufficient to support the breaking element of defendant's burglary conviction, in violation of the due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.</u>

Petitioner argues that the State failed to provide sufficient evidence for the "breaking" element of his burglary conviction because there was no testimony about whether Mr. Hall closed the door behind him on his way outside to pick up the newspaper. Petitioner argues that the breaking element is not satisfied if he, Johnson, merely walked through an open door into the Hall home.  [2] at 1. Johnson asserts that there is no evidence of "constructive" breaking because there is no one that he could have "threaten[ed], deceived, or tricked into allowing him

7

permission into the home." *Id.* at 2. He argues, furthermore, that the insufficiency of the evidence on the breaking element of the burglary charge violated his due process rights under the Fifth and Fourteenth Amendments.

Habeas relief is available for insufficiency of the evidence only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In reviewing under this standard, a federal court may grant habeas relief only if the state court's rejection of a sufficiency of the evidence claim was "objectively unreasonable." *Williams*, 529 U.S. at 409.

The Mississippi Supreme Court carefully considered Johnson's arguments on appeal and concluded that the evidence was sufficient to support the "breaking" element of the burglary charge. *Johnson*, 235 So. 3d at 1410-1411. More specifically, the court concluded that whether the door to the Hall home was left open or closed was of no consequence: the evidence showed "constructive breaking" because Johnson used actual force to remove an obstacle – Mr. Hall – to gain entrance to the home. Although the Mississippi Supreme Court did not specifically cite *Jackson* in its decision, it employed the same standard of review. *See Johnson*, 235 So. 3d at 1410 ("In applying de novo review [to a sufficiency of the evidence claim], we determine 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"). Accordingly, the decision was based on a reasonable interpretation of *Jackson*, and, therefore, habeas relief is unavailable on this claim.

To the extent that Johnson attempts to assert a due process claim based upon the sufficiency of the evidence related to the breaking element of the burglary charge, he failed to

8

present this claim in state court in his direct appeal or in a motion for post-conviction relief.  No relief would now be available in state court because the three-year limitations period for post-conviction relief set forth in Mississippi Code Annotated § 99-39-5(2) has run.  Thus, Petitioner has technically exhausted his state court remedies on a due process claim based on the sufficiency of the evidence related to the breaking element of the burglary charge.  *See Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).  A federal court may not review the merits of a procedurally-barred claim, absent a showing either of cause for the default and actual prejudice or that failure to address the claim would result in a miscarriage of justice.  *Id.*  Petitioner has made no such showing.  Accordingly, habeas review of this claim is procedurally barred.[1]

B.  Ground Two:  Whether the trial judge abused his discretion by failing to grant Petitioner's requested two-theory jury instruction, in violation of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.

Petitioner asserts that the state trial judge erred when he did not grant Johnson's two-theory jury instruction on the crimes of aggravated assault and burglary, in violation of his due process rights.  [2] at 3-4.  "A two-theory instruction instructs the jury what to do when the 'record supports two or more hypotheses of the crime committed' and all of the evidence of the crime is circumstantial."  *Johnson*, 235 So. 3d at 1412 (citations omitted).  Johnson argues that all of the evidence was circumstantial, therefore the jury should have been instructed on an alternative theory of the crime.

On direct appeal, Johnson made the argument that the trial judge erred when he denied the request for this particular jury instruction, but he did not argue that this alleged failure

---

[1] Petitioner's claim, presented without supporting argument or case law, is also conclusory.  Conclusory claims of habeas relief, presented without any analysis or argument, are insufficient to warrant federal habeas relief.  *See Tugle v. Epps*, No. 4:13-cv-12-SA-DAS, 2013 WL 1891291, at *8 (N.D. Miss. May 6, 2013)(citing *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)).

violated his due process rights. The Mississippi Supreme Court found that "Johnson failed to use the evidence to present a second competing theory. He merely maintained that he did not commit the crime." *Id.* at 1413. Because Johnson failed to present two reasonable hypotheses of the crime based on the facts in evidence, and, instead, simply maintained that he did not commit the crime, the Mississippi Supreme Court found that the trial court did not abuse its discretion when it denied Johnson's two-theory jury instruction. *Id.*

It is "extremely difficult to show prejudice in the habeas context based on an omitted jury instruction." *Trammel v. Banks*, No. 3:13-cv-868-DPJ-FKB, 2015 WL 5666939, *3 (S.D. Miss. Sept. 25, 2015). The United States Supreme Court has stated:

> [t]he burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. . . . An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.

*Henderson v. Kibbe*, 431 U.S. 154-155 (1977)(citations and internal quotation marks omitted); *see also Simmons v. Warden, La. State Penitentiary*, 18 F.3d 936 (5th Cir. 1994)(affirming denial of habeas relief and rejecting claim that incomplete instruction violated due process).

In this case, the Court has reviewed the merits of the claim pursuant to § 2254(b)(2) and finds that Johnson has failed to meet his burden. The Mississippi Supreme Court recounted the various pieces of evidence supporting Johnson's guilt. Moreover, it also pointed out that he failed to meet the requirements to warrant the instruction because he did not present a second, competing theory showing how the evidence illustrated his innocence. Instead, "he merely maintained that he did not commit the crime." *Johnson*, 235 So. 3d at 1414. Because Johnson

10

has failed to show that the trial court's refusal to give the instruction "so infected the entire trial that the resulting conviction violates due process," this claim does not form the basis of habeas relief.

C.    Ground Four:  Whether petitioner's speedy-trial rights were violated pursuant to his due process rights as found in the Fifth and Fourteenth Amendments.

Petitioner argues that his speedy trial rights were violated.  As recounted above, Johnson was initially arrested on August 4, 2014.  He was indicted by the grand jury on May 6, 2015, and his trial was continued once, by agreement, from September 24, 2015, to November 30, 2015. Johnson raised this issue for the first time on direct appeal.  Using "plain error" review, the Mississippi Supreme Court analyzed Johnson's claim under both state and federal law and concluded that no plain error existed showing that his right to a speedy trial was violated. *Johnson*, 235 So. 3d at 1417-1418 (citing *Barker v. Wingo*, 407 U.S. 514 (1972)).  In the context of habeas review, the federal court must determine if the state court's interpretation of federal law as established by the United States Supreme Court was objectively reasonable.

The state and federal constitutional rights are treated identically in Mississippi, with both being analyzed under the standards outlined by the Supreme Court in *Barker*, 407 U.S. at 514. *See, e.g.*, *Ben v. State*, 95 So. 3d 1236, 1242-1247 (Miss. 2012).  In *Barker*, the Supreme Court identified four factors that govern this analysis: (1) the length of the delay, (2) the reason for the delay, (3) the accused's assertion of the right to a speedy trial, and (4) prejudice to the accused. *Barker*, 47 U.S. at 530-533.  The right attaches at the earlier of arrest or indictment.  *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993)(citing *Dillingham v. United States*, 423 U.S. 64, 65 (1975)).  The *Barker* inquiry begins with examination of the length of time between attachment of the right and trial.  Only if the length of the delay meets a certain threshold does the analysis

11

continue. *Barker*, 407 U.S. at 530. The length of delay is then considered as one factor along with the others in determining whether the right has been violated. *Doggett v. United States*, 505 U.S. 647, 652 (1992).[2]

In Mississippi, the threshold for triggering a full *Barker* analysis is a delay of eight months. *State v. Woodall*, 801 So. 2d 678, 682 (Miss. 2001). The delay between Johnson's arrest and the start of trial was approximately 483 days (nearly sixteen months). This is presumptively prejudicial under the state statute and precipitated a full *Barker* analysis by the Mississippi Supreme Court. *Johnson*, 235 So. 3d at 1417; *see also* Miss. Code Ann. § 99-17-1.[3] However, in the federal context, in order to weigh heavily in the accused's favor, the length of delay, when considered as a factor, must persist for at least eighteen additional months beyond the one-year benchmark identified by the Fifth Circuit. *Amos v. Thornton*, 646 F.3d 199, 206 (5th Cir. 2011); *see also Goodman v. Quarterman*, 547 F.3d 249 (5th Cir. 2008). While the length of the delay in Johnson's case is sufficient to require consideration of the other factors, it weighs only slightly in his favor, as he was tried within sixteen months of his arrest. Thus, the Mississippi Supreme Court's application of *Barker* was reasonable on the first factor.

As to the second factor, the reason for the delay, the Mississippi Supreme Court examined the evidence and observed that the record gave no explanation for the nine-month delay between Johnson's arrest and his indictment. *Johnson*, 235 So. 3d at 1417. The court noted, however, that Johnson never brought the issue before the trial court, and, therefore, the State never received any notice to provide an explanation for the delay on the record. *Id.* And

---

[2] Thus, the first factor, length of delay, "performs a dual function" in the analysis. *Nelson v. Hargett,* 989 F.2d 847, 851 (5th Cir. 1993).

[3] The statute provides that, absent a showing of good cause and the granting of a continuance, a defendant is to be tried within 270 days of arraignment.

12

the court concluded that Johnson's argument that the State delayed indictment to gather more evidence against him from his grandmother's home was without merit, because the detective obtained the evidence after Johnson was indicted.  The record does indicate, however, that after a pretrial conference on September 21, 2015, the trial court entered an agreed order continuing trial to November 30, 2015.  [16-1] at 47-48.  At the time, Johnson advised the trial court on the record that he did not object to a continuance of his case to the next term of court in November. [16-2] at 19.  After considering the record, the Mississippi Supreme Court found that the record showed no evidence of a deliberate attempt to delay Johnson's trial.  *Johnson*, 235 So. 3d at 1417.  The state court's application of the second factor under *Barker* was reasonable.

The Mississippi Supreme Court found that the third factor, assertion of the right to a speedy trial, weighed against Johnson.  *Id.* at 1418.  The court observed that the record gave no indication that Johnson ever asserted his right to a speedy trial.  *Id.* at 1417.  Citing *Barker*, the court concluded that "[w]hen a defendant fails to assert this right, it is 'difficult for a defendant to prove that he was denied a speedy trial.'"  *Id.* at 1417-1418 (quoting *Barker*, 407 U.S. at 532). The undersigned agrees and finds that the state court's interpretation of *Barker* on this factor was reasonable.

Because the first three factors did not weigh heavily in Johnson's favor and the delay in his case was relatively short, Johnson bore the burden of demonstrating that he was prejudiced by the delay.  *United States v. Bishop*, 629 F.3d 462, 465 (5th Cir. 2010).  The Mississippi Supreme Court concluded that Johnson failed to establish prejudice, therefore it concluded that Johnson's speedy trial rights were not violated under both state and federal law.  *Johnson*, 235 So. 3d at 1418.

13

Prejudice is to be assessed in light of the interests protected by the right to a speedy trial: (1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused, and (3) limitation of the possibility of impairment of the defense. *Barker*, 407 U.S. at 532. The most serious of these interests is the last. *Id.*

In this forum, Johnson has made no factual allegations as to the first two interests. The Mississippi Supreme Court observed that his allegations of anxiety related to the length of pretrial incarceration were not documented and the record was "void of any inference that evidence was lost, witnesses died or evidence went stale." *Johnson*, 235 So. 3d at 1418. And while he argues that the indictment was delayed so that the state could gather more evidence, the evidence he points to was obtained after the indictment. Thus, Johnson has failed to show actual prejudice, and the state court's interpretation of federal law on this issue was reasonable.

In sum, the Mississippi Supreme Court's rejection of Johnson's speedy trial claim resulted from a reasonable application of *Barker*. Stated otherwise, "fairminded jurists" could conclude that Johnson's Sixth Amendment right to a speedy trial was not violated. *See Harrington v. Richter*, 562 U.S. 86, 102 (2011)(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004))(finding that federal habeas relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."). Thus, habeas relief is not warranted on this ground for relief.

D. <u>Ground Five: Whether the indictment is void due to failure to charge defendant with an essential element of the statute and/or crime, and whether the statutes are vague, ambiguous, or unconstitutional as applied.</u>

Petitioner broadly argues that his indictment is void because it failed to charge him with an essential element of the statute. He also asserts that the statutes are vague, ambiguous, or unconstitutional as applied. He failed to support this ground with any form of argument or

14

citation to case law in his petition [1] and memorandum brief [2], although he made these arguments on direct appeal of his conviction in state court. After noting that review was barred because he failed to object to the indictment at trial, the Mississippi Supreme Court found his arguments to be without merit under "plain-error review." *Johnson*, 235 So. 3d at 1414.

Federal habeas relief is available for insufficiencies of a state indictment only where the petitioner can demonstrate that the indictment is so flawed that the trial court had no jurisdiction. *Evans v. Cain*, 577 F.3d 620, 625 (5th Cir. 2009). In this case, Petitioner has wholly failed to meet that standard. As an initial matter, he has failed to support this ground with any argument or case law. Conclusory claims of habeas relief, presented without any analysis or argument, are insufficient to warrant federal habeas relief. *See Tugle*, 2013 WL 1891291, at *8. Furthermore, a review of the indictment shows that it referenced the appropriate statutes such that Johnson was given clear notice of the elements of the crimes and the charges levied against him. [16-1] at 11-13. Because the state supreme court's decision on this claim was not unreasonable, relief is not available in this forum. *See Renico*, 559 U.S. at 773.

E.   Grounds Six and Seven: Whether Petitioner was denied his due process right to an initial appearance and an arraignment under State law.

Petitioner argues that, under Mississippi Uniform Rules of Circuit and County Court Practice, he was denied his due process right to an initial appearance under Rule 6.03 and an arraignment under Rule 8.01. He made these arguments, *pro se*, in his direct appeal of his convictions to the Mississippi Supreme Court. *See Johnson*, 235 So. 3d at 1415-1416. The Mississippi Supreme Court declined to address these issues because Johnson failed to make these arguments at the trial court level. *See id.* Even so, the court reviewed Johnson's arraignment claim on the merits and found that his arraignment comported with Rule 8.01.

15

Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural rule is "adequate" if it is regularly and consistently applied. *Johnson v. Mississippi*, 486 U.S. 578, 187 (1988); *see also Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995)("An 'adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims."). The Fifth Circuit has specifically held that Mississippi state courts consistently and regularly apply the bar imposed for failure to raise issues at trial, *i.e.*, the contemporaneous objection rule. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992); *see also Day v. King*, No. 1:03-cv-624-DMR-JMR, 2006 WL 2541600, at *4 (S.D. Miss. Aug. 31, 2006).

Johnson has made no allegation or argument in his habeas petition that the procedural bars relied upon by the state court were inadequate to support the rejection of these claims; neither has he made any showing as to the cause of his defaults, actual prejudice as a result of the alleged constitutional violations, or that failure to address the merits of these claims will result in a miscarriage of justice. Accordingly, the undersigned concludes that the state court's holding that these claims were procedurally barred precludes consideration of them by this Court.

III.    <u>CONCLUSION</u>

Johnson has failed to establish that the state court's adjudication of his claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or

was based on an unreasonable determination of the facts.  Accordingly, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 24th day of May, 2021.


/s/ F. Keith Ball                                   .
UNITED STATES MAGISTRATE JUDGE